J-S26009-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MICHAEL GEORGE WASHINGTON :
:
Appellant : No. 1046 WDA 2019

Appeal from the PCRA Order Entered June 24, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-00011793-2017,
CP-02-CR-0004398-2017

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: FILED JUNE 18, 2020

Michael George Washington (Appellant) appeals pro se from the order

dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA),

42 Pa.C.S.A. §§ 9541-9546. Upon review, we quash.

On April 16, 2018, Appellant, who was represented by counsel, entered

a negotiated guilty plea at CP-02-CR-0004398-2017 to misdemeanor charges

of forgery, retail theft, and fleeing or attempting to elude a police officer; he

also pled guilty to the summary offense of disorderly conduct.[1] The same day,

the trial court sentenced him to an aggregate 3-6 months of incarceration,

with partial credit for time served, followed by two years of consecutive

probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4104, 3929, and 5503; 75 Pa.C.S.A. § 3733.

On August 2, 2018, Appellant, again represented by counsel, entered a negotiated guilty plea at CP-02-CR-00011793-2017 to two counts of possessing a controlled substance with the intent to deliver, 35 P.S. § 780–113(a)(30).  The court sentenced Appellant on the first count to 9 to 23 months of incarceration with a consecutive 10 years of probation, and on the second count to 10 years of probation to run concurrent with the probation on the first count.  Appellant's aggregate sentence was 9 to 23 months of incarceration and 10 years of probation.

After multiple pro se submissions to the trial court, Appellant filed a pro se PCRA petition for both cases on November 27, 2018, and a supplemental pro se petition on November 29, 2018.  On December 11, 2018, the Commonwealth filed a motion for appointment of counsel.  At Appellant's request, the PCRA court on May 3, 2019 conducted a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998), after which the court found that Appellant waived his right to counsel and permitted him to proceed pro se.

On May 13, 2019, the PCRA court entered notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, noting that "after a thorough review of the record . . . the claims are not cognizable on PCRA review."  Order, 5/13/19.  On June 24, 2019, the court entered the order from which Appellant appeals, dismissing the PCRA petition at docket

numbers CP-02-CR-11793-2017 and CP-02-CR-04398-2017. Appellant filed a single notice of appeal from the two docket numbers.

On July 31, 2019, this Court ordered Appellant to show cause why his appeal should not be quashed pursuant to Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases."). Appellant responded that he was unaware of the Walker decision. On August 6, 2019, this Court discharged the rule to show cause and deferred the issue to the merits panel.

On October 7, 2019, the PCRA court issued a "Rule 1925 Statement," opining that this appeal should be quashed under Walker; the Commonwealth makes the same argument. See Commonwealth Brief at 4-7.

The Commonwealth also calls attention to the numerous deficiencies in Appellant's brief, noting that Appellant has failed to "support his argument with any record evidence or case law" and "there is no developed legal argument whatsoever." Commonwealth Brief at 10. Upon review, we agree.

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

- 3 -

Wilkins v. Marsico, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (citations omitted, emphasis added). The Pennsylvania Rules of Appellate Procedure dictate the required content of an appellate brief. See Pa.R.A.P. 2111. We have explained:

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

In re Estate of Whitley, 50 A.3d 203, 209 (Pa. Super. 2012).

We reiterate that "[a]lthough this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." Commonwealth v. Vurimindi, 200 A.3d 1031, 1037–38 (Pa. Super. 2018) (citations omitted).

Accordingly, upon careful review of the record, the parties' briefs, and applicable legal authority, we are compelled to quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/18/2020